# Vinson&Elkins

Ephraim (Fry) Wernick  ewernick@velaw.com
**Tel +**1.202.639.6730  **Fax +**1.202.879.8830

May 20, 2022

**Via ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   *Consumer Financial Protection Bureau and New York Attorney General v. MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*, 22-cv-03256-KPF

Dear Judge Failla:

Pursuant to your Honor's Individual Rule 4.A, Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc. (collectively, "Defendants" or "MoneyGram") respectfully submit this pre-motion letter in anticipation of their motion to dismiss the Complaint in the referenced matter. *See* Dkt. 1.  Defendants also intend to move to transfer this case to the United States District Court for the Northern District of Texas under 28 U.S.C. § 1404, and are prepared to file the two motions in the sequence preferred by the Court.  Plaintiffs do not consent to either motion.

MoneyGram offers remittance services nationwide, enabling consumers to send money to family and friends located domestically and abroad.  *See* Complaint ¶¶ 1–2.  Plaintiffs—the Consumer Financial Protection Bureau (the "CFPB") and the New York Attorney General ("NYAG")—advance several conclusory allegations that MoneyGram violated the Remittance Rule (or "Rule"), 12 C.F.R. §§ 1005.30–36, and that mistakenly delayed remittances amounted to "unfair acts or practices" under the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5536(a)(1)(B).  The Complaint is legally insufficient pursuant to Fed. R. Civ. P. 12(b)(6), because every claim is insufficiently pled and each count under the CFPA is barred by the statute of limitations.

### 1. Transfer to the Northern District of Texas Is Appropriate for Convenience and Justice

Defendants intend to move to transfer this case to the Northern District of Texas, the location of Defendants' headquarters and where almost all relevant witnesses and documents are located. The CFPB routinely files enforcement actions in defendants' home districts, and courts have granted motions to transfer to defendants' home districts where the CFPB filed in a forum with no special connection to a case.  *See, e.g.*, *Consumer Fin. Prot. Bureau v. Golden Valley Lending, Inc.*, No. 17-cv-3155, 2017 WL



3970514, at *2 (N.D. Ill. Sept. 8, 2017).  Here, the key management decision-makers and compliance personnel work in the Northern District of Texas and the CFPB's examinations occurred in a Dallas suburb.  No relevant conduct, witnesses or documents are in New York.  Thus, the "locus of operative facts" is in Dallas.  *See Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374–76 (S.D.N.Y. 2006).  Moreover, the CFPB's unusually aggressive tactics and its eleventh-hour recruitment of NYAG to join the case after no prior involvement is suggestive of forum shopping by a federal regulator, further supporting transfer.

2.  **The Complaint Fails to State a Claim and the Allegations Are Time Barred.**

Under Counts I–V and VII, Plaintiffs allege MoneyGram violated requirements of the Remittance Rule related to consumer disclosures, document retention, and error resolution procedures.  *See* Compl. ¶¶ 31–42, 73–75, 84–85.  However, Plaintiffs fail to meet the basic pleading requirement that a Complaint must contain *facts* sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Repeatedly, the Complaint sets forth the relevant regulation and then asserts the Rule was violated, providing no factual matter beyond the language of the Rule itself.  For example, Plaintiffs assert that MoneyGram "failed to provide fund availability dates that were accurate, when the Rule required such accuracy." Compl. ¶ 38.  With such boilerplate language, the Complaint "tenders naked assertions devoid of further factual enhancement," *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quotation omitted), and the vast majority of its paragraphs amount to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice" to state a plausible claim.  *Iqbal*, 556 U.S. at 678.

Even where the Complaint provides some substance, it often disregards the regulatory language.  For example, Plaintiffs allege that MoneyGram "ignored" its obligation to follow certain error-resolution procedures, Compl. ¶ 39, but the Rule only demands such procedures when a consumer provides a notice satisfying specific requirements as to timing, form, and substance.  *See* 12 C.F.R. § 1005.33(b)(1).  The Complaint fails to plead this predicate for a violation, even in conclusory fashion.  *See* Compl. ¶ 39(a)–(d); *c.f. Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 321 (S.D.N.Y. 2009) (dismissing claim where plaintiff failed to plead that he provided the notice necessary to trigger defendant's error correction obligations under Fair Credit Billing Act).

Plaintiffs also fail to allege facts showing that MoneyGram's acts caused or were likely to cause "substantial injury," a necessary element of Plaintiffs' claim under Count VI.  *See Consumer Fin. Prot. Bureau v. ITT Educ. Servs., Inc.*, 219 F. Supp. 3d 878, 913 (S.D. Ind. 2015).  The Complaint alleges that consumers suffered *delayed* funds, but it does not claim that any consumer actually *lost* money.  *See* Compl. ¶ 48.  Such allegations are insufficient as a matter of law, because delay is not the sort of pecuniary harm that courts recognize as "substantial injury" under the CFPA.  *See, e.g., Consumer Fin. Prot. Bureau v. NDG Fin. Corp.*, No. 15-CV-5211 (CM), 2016 WL 7188792, at *13 (S.D.N.Y. Dec. 2, 2016) (finding



"unfair acts" claim well-pled where payday lender's practices caused "clear financial harm"); *see also CFPB v. ITT Educ. Servs.*, 219 F. Supp. 3d at 913 (a "trivial or speculative" harm will not suffice).

Counts I–VI also are barred by the statute of limitations.  These Counts arise under the CFPA, which provides, "no action may be brought under this title more than 3 years after the date of discovery of the violation." 12 U.S.C. § 5564(g)(1); *see also Bureau of Consumer Fin. Prot. v. Citizens Bank, N.A.*, 504 F. Supp. 3d 39, 49 (D.R.I. 2020) (applying three-year limitation to analogous consumer law claims under the CFPA).  The Complaint contains facts admitting that the "date of discovery" was in 2016 at the latest, when the Bureau completed initial examinations of MoneyGram and asserted violations.  *See* Compl. ¶¶ 26–27; *see also Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 68 F. Supp. 3d 530, 536 (S.D.N.Y. 2014) ("Although the date at which discovery should have occurred can be a fact-intensive question, courts in this district often make this determination on a motion to dismiss."), *aff'd*, 639 F. App'x 664 (2d Cir. 2016).  Where, as here, the limitations bar is apparent on the face of the Complaint, dismissal is appropriate.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425–26 (2d Cir. 2008).

The CFPB's funding structure also violates the Appropriations Clause, requiring dismissal.  *See CFPB v. All Am. Check Cashing, Inc.*, --- F.4th ---, 2022 WL 1302488, at *19 (5th Cir. May 2, 2022) (Jones, J., concurring).

## Conclusion

For these reasons, MoneyGram respectfully requests permission to file a motion to dismiss and accompanying memorandum of law after the Court grants leave to file such a motion.  Alternatively, if the Court wishes to entertain the motion to transfer first, then MoneyGram requests permission to file the motion to transfer, followed by the motion to dismiss, according to the Court's preference.

Respectfully Submitted,

 */s/ Ephraim Wernick*
Ephraim (Fry) Wernick
2200 Pennsylvania Ave., NW, Ste. 500 West
Washington, DC 20037
Tel: (202) 639-6730
Fax: (202) 879-8813
Email: ewernick@velaw.com

*Attorney for Defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*