

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**



1700 G Street NW, Washington, D.C. 20552

September 19, 2022

VIA ECF & EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   *Consumer Financial Protection Bureau and the State of New York v. MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*
Case No. 22-cv-3256 (KPF)

**Letter Motion to Temporarily Seal Exs. and Redact Information in Pls.' Opp'n to Defs.' Mot. to Transfer Venue and Mot. to Dismiss**

Dear Judge Failla:

      We write on behalf of Plaintiffs, the Consumer Financial Protection Bureau ("Bureau") and the State of New York, to respectfully request permission to file under temporary seal certain documents: 1) documents that Defendants designated as "trade secrets" during the Bureau's investigation of Defendants; and 2) documents that Defendants submitted during the Bureau's confidential supervisory process. The Bureau also requests permission to temporarily redact information in their brief that reflects those designations. Plaintiffs do not believe that Defendants have yet established that the documents contain trade secrets or that they should be permanently sealed. Plaintiffs are simply seeking to file these documents under seal temporarily (and redact corresponding information) to conform with federal regulations that govern the Bureau's operations and to provide Defendants the opportunity to seek a protective order. [1]

The documents to be temporarily sealed are submitted in support of Plaintiffs' Opposition to Defendants' Motion to Transfer Venue and Motion to Dismiss ("Plaintiffs' Opposition Brief"). Specifically, the documents are submitted as Exhibits B, C, E, I, J, K, and L to the Declaration of Bureau Investigator Kathleen Nolan, dated September 18, 2022 (Nolan Declaration). Defendants produced Exhibits I and L during the Bureau's investigation and claimed they contained confidential trade secrets ("investigative documents"). Defendants produced documents B, C, E, J, and K during the Bureau's confidential supervisory process (exam documents). Defendants

---

[1] Plaintiffs provided Defendants with a draft protective order on September 8, 2022. Defendants expressed a preference to wait until its Motion to Transfer Venue and to Dismiss was decided before negotiating and entering into such an agreement.

have designated each and every investigative document submitted to the Bureau as containing trade secrets. As such, and because these documents are deemed "confidential investigative information," 12 C.F.R. § 1070.2(h), federal regulations allow Defendants an opportunity to "seek an appropriate order prior to disclosure" of any material that Defendants claim "contains any trade secret or privileged or confidential commercial or financial information." 12 C.F.R. § 1070.45(a)(4). Additionally, Plaintiffs are also seeking to temporarily seal the exam documents which are deemed "confidential supervisory information," 12 C.F.R. 1070.2(i) to afford Defendants the opportunity to seek a protective order for these documents as permitted under 12 C.F.R. § 1070.45(a)(4). Plaintiffs have redacted portions of Plaintiffs' Opposition Brief that contain the information in the Exhibits that we are seeking to file under seal, unless that information is already clearly publicly available.

Plaintiffs do not believe any of the Exhibits should be sealed permanently. Federal regulations applicable to the Bureau do not *prohibit* disclosure of the identified documents—they simply limit how and when certain information may be disclosed so that Defendants have an opportunity to support any assertion that documents produced to the Bureau should be withheld from public disclosure in this proceeding. And as the Second Circuit has held, there is a presumption of immediate public access to judicial documents like the Exhibits in question here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). Absent a countervailing reason, such as a valid, narrowly tailored privacy interest asserted by those resisting disclosure, the presumption of access must stand. *See id.* at 120. See *also In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017) (finding that the party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure of trade secrets would result in an injury sufficiently serious to warrant protection).

Plaintiffs therefore respectfully request that Nolan Declaration Exhibits B, C, E, I, J, K, and L be filed under temporary seal with corresponding information reflected in Plaintiff's Opposition Brief redacted.

Respectfully submitted,

<u>s/ Jason L. Meizlish (with consent)</u>
JASON L. MEIZLISH
*Assistant Attorney General*
*Bureau of Consumer Frauds and Protection*
*Office of the New York State Attorney General*

Attorney for Plaintiff
State of New York

<u>s/ Erin Mary Kelly</u>
ERIN MARY KELLY
REBECCA SMULLIN
SAMUEL TAXY
*Enforcement Attorneys*

Attorneys for Plaintiff
Consumer Financial Protection Bureau

Cc: Counsel of Record (via ECF)

Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket entry 34.

Dated: September 19, 2022　　　　　SO ORDERED.
　　　　　New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE