UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and PEOPLE OF THE STATE OF NEW YORK,<br><br>                        Plaintiffs,<br><br>                          -v.-<br><br>MONEYGRAM INTERNATIONAL, INC. and MONEYGRAM PAYMENT SYSTEMS, INC.,<br><br>                        Defendants. | 22 Civ. 3256 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

       The Court is in receipt of Defendants' letter motion (Dkt. #50 ("Def. Ltr.")) requesting a stay of this case, including a stay of the Court's resolution of their pending motion to dismiss, in light of a petition for a writ of certiorari (the "Petition") filed by the Consumer Financial Protection Bureau (the "CFPB") and the Office of the Solicitor General in *Community Financial Services of America, Ltd.* v. *Consumer Financial Protection Bureau*, 51 F.4th 616 (5th Cir. 2022). *See* Cert. Pet., No. 22-448, 2022 WL 16951308 (Nov. 14, 2022). Somewhat incongruously, Defendants also argue that the Court should nonetheless decide their pending motion to transfer, but they reconcile these positions by arguing that the questions raised in that motion are not implicated by the Petition. (Def. Ltr. 3). Plaintiffs — the CFPB and New York Attorney General ("NYAG") — have filed an opposition to Defendants' request to stay the motion to dismiss. (Dkt. #51 ("Pl. Ltr.")). In the alternative, Plaintiffs argue that if the Court is inclined to stay a decision on the motion to dismiss, it should also stay a decision on Defendants' motion to transfer. (Pl. Ltr. 3). For

the reasons discussed in this Order, the Court stays this case in its entirety, pending the Supreme Court's decision on the Petition.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay, courts in this District consider five factors:

> [i] the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; [ii] the private interests of and burden on the defendants; [iii] the interests of the courts; [iv] the interests of persons not parties to the civil litigation; and [v] the public interest.

*Kappel* v. *Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see also Estate of Heiser* v. *Deutsche Bank Tr. Co. Americas*, No. 11 Civ. 1608 (AJN), 2012 WL 5039065, at *2-3 (S.D.N.Y. Oct. 17, 2012) (discussing use of *Kappel* test by courts in this District to resolve motions to stay civil cases pending appeals in related matters). Further, "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy." *Jugmohan* v. *Zola*, No. 98 Civ. 1509 (DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000); *see also Sikhs for Justice* v. *Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (noting that a court may "properly exercise its staying power when a

higher court is close to settling an important issue of law bearing on the action").

The Court first addresses issues related to the motion to dismiss. Defendants request that this Court stay its decision on that motion because (i) the CFPB and the Solicitor General have asked for an expedited decision on the Petition, and that the Supreme Court both hear the case and issue a decision during the current term; (ii) a stay would prevent judicial inefficiency and a potential ruling at odds with the Supreme Court and the Second Circuit (which is presently considering the same constitutional question); and (iii) the Petition "presents a question that is potentially dispositive to the present suit." (Def. Ltr. 2-3 (internal quotation marks omitted)).  Moreover, Defendants argue that any delay in proceedings here would be minimal, given that the CFPB and the Solicitor General have asked for expedited consideration of the Petition. (*Id.* at 2).  Plaintiffs counter that a stay would not promote efficiency, as the issue of the CFPB's standing — which may or may not be implicated by the Petition and a potential Supreme Court decision — would not affect those claims brought jointly with the NYAG and the NYAG's own claim in this case. (Pl. Ltr. 2).  Further, Plaintiffs argue that the Fifth Circuit's decision is an outlier, and thus this Court need not worry about the possibility of conflicts among courts, and that the public and the parties' interests weigh against a stay, as it would hinder Plaintiffs' enforcement of the consumer protection laws and make obtaining evidence down the line more difficult.  (*Id.* at 2-3).

Plaintiffs are correct that the Supreme Court may not grant certiorari, and that even if it does, any ruling may not be "dispositive of [Defendants'] argument regarding the [CFPB's] standing." (Pl. Ltr. 2). Thus, the Court understands Plaintiffs' argument that because two of the claims in the Amended Complaint are brought jointly by the NYAG and the CFPB, and one is brought solely by the NYAG, the CFPB's standing is not determinative of this case. (*Id.*). However, four claims are brought by the CFPB alone (Amended Complaint Counts I-IV), and the Supreme Court may address the broader issue of the CFPB's standing to bring enforcement actions. In any event, Plaintiffs' claims are inextricably linked to CFPB rules and regulations, which themselves may be implicated by a Supreme Court decision should it grant the Petition. (*See, e.g., id.*, Counts I-IV (CFPB claims alleging violations of the Remittance Rule and Regulation E), Counts V-VI (joint claims alleging violations of the CFPA, including for "violations of the Remittance Rule"), Count VII (NYAG claim alleging that Defendants have violated N.Y. Exec. Law § 63(12) by "repeatedly violat[ing] Regulation E, including the Remittance Rule")). As such, the Petition and the potential Supreme Court decision it seeks to engender directly bear on issues in this case. *See, e.g.*, Cert. Pet., No. 22-448, 2022 WL 16951308, at *2 ("Disagreeing with other courts to have considered the issue, the court of appeals held that [the CFPB's] statutory funding mechanism violates the Appropriations Clause, U.S. Const. Art. I, § 9, Cl. 7, and vacated a CFPB regulation because it was promulgated at a time when the CFPB was receiving funding through that mechanism."); *id.* at *10-11 ("Given the gravity of those

4

consequences and the uncertainty that the court of appeals' decision has already created, the United States is filing this petition less than one month after the decision below and respectfully submits that the Court should hear and decide the case this Term."); *id.* at *29 (noting that review is warranted "because of the immense legal and practical significance of the decision below" and citing the case pending before this Court as one in which "defendants … have already sought dismissal or similar relief based on the decision")).

These facts are a far cry from *United States* v. *Town of Oyster Bay*, 66 F. Supp. 3d 285 (E.D.N.Y. 2014), cited by Plaintiffs, in which the district court recognized that the Supreme Court's resolution of a single question in a pending decision — whether disparate impact claims are cognizable under the Fair Housing Act — did not warrant staying the case, where the plaintiff also alleged intentional discrimination. *Id.* at 290-91. In light of this independent claim, the court found that "any expenses incurred with proceeding with the litigation on schedule would not be a waste[,]" as the plaintiff would be proceeding with the intentional discrimination claim regardless of the Supreme Court's decision. *Id.* at 292. The instant case, by contrast, may dramatically change if the Supreme Court affirms the Fifth Circuit's decision, as CFPB rules and regulations are integral to nearly all of Plaintiffs' claims.

Courts within this Circuit have routinely stayed cases "when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Justice*, 893 F. Supp. 2d at 622 (collecting cases). This is true even if "the issues in such proceedings are [not] necessarily controlling on the action

5

before the court." *Id.* (internal quotation marks omitted); *see also id.* ("Here, it would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision, particularly where that decision may not settle every question of fact and law before this Court, but in all likelihood it will settle many and simplify them all." (internal quotation marks and citations omitted)). Although the Supreme Court may not grant the Petition, other courts within this Circuit have likewise stayed cases where a petition of certiorari is filed that bears on the issues in the case. *See, e.g.*, *Right to Life of Dutchess Cnty., Inc.* v. *Fed. Election Comm'n*, 6 F. Supp. 2d 248, 251 (S.D.N.Y. 1998) (noting that court had stayed case during pendency of FEC's petition for a writ of certiorari of First Circuit decision, and lifted stay following denial of petition for writ of certiorari); *see also Davis* v. *Blige*, No. 03 Civ. 993 (CSH), 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) ("In these circumstances, and in the exercise of my discretion, I stay all proceedings in this case, other than briefing and resolution of plaintiff's motion to amend her complaint, until the Supreme Court announces its decision to grant or deny defendants' petition for certiorari."). The fact that the CFPB and the Solicitor General cite the instant case within the Petition only underscores the propriety of a stay here. Cert. Pet., No. 22-448, 2022 WL 16951308, at *29. Accordingly, the Court finds that the interests of the courts and judicial efficiency would be served by staying a decision on the motion to dismiss, as a potential Supreme Court decision may resolve or otherwise bear on important issues in this case.

Plaintiffs and the public undoubtedly have an interest in moving this case forward, and the Court does not downplay those interests. (Pl. Ltr. 2-3). But the public's interest is also served by a Supreme Court decision on an important question of constitutional law. Further, if the Supreme Court indeed follows the Solicitor General's and the CFPB's request, it will grant the Petition on an expedited basis and issue a decision within the next six months. Thus, concerns about undue delays caused by a stay are minimized. Conversely, if the Supreme Court decides not to grant the Petition, the parties and public will know in mere months. As such, the Court does not believe that the public and parties' interests outweigh any interest in judicial efficiency, and the Court will stay a decision on the motion to dismiss.

Turning now to the motion to transfer, the Court notes Defendants' argument that this Court should rule on that motion because the Petition and a potential Supreme Court decision do not bear on issues related to that motion. (Def. Ltr. 3). In support, Defendants cite one case from this Circuit in which a court ruled on a motion to strike while staying an action at the motion to dismiss stage, *Gonzalez De Fuente* v. *Preferred Home Care of New York LLC*, 439 F. Supp. 3d 85, 87-88 (E.D.N.Y. 2020), and cases in which courts have resolved motions to transfer before addressing substantive motions (*see* Def. Ltr. 3). Plaintiffs argue that the Court should not resolve Defendants' motion to transfer if it stays the motion to dismiss, because Defendants' standing argument bears on the antecedent issue of the Court's subject matter jurisdiction. The Court agrees with Plaintiffs that issues of subject matter

7

jurisdiction may be implicated here, and thus staying the motion to transfer is warranted. *See, e.g., Somaxon Pharms., Inc.* v. *Actavis Elizabeth LLC*, No. 22 Misc. 162 (KPF), 2022 WL 3577904, at *2 (S.D.N.Y. Aug. 18, 2022) ("[I]f a court lacks subject matter jurisdiction, it lacks the power to decide the motion or to transfer the case to another venue."). Further, the Court does not believe that it would serve the interests of judicial efficiency to decide the motions to transfer and to dismiss — briefed together across the parties' submissions — in a piecemeal fashion. As such, the Court also stays its decision on Defendants' motion to transfer.

Accordingly, the Clerk of Court is directed to stay this case. The parties are directed to promptly file a joint letter apprising the Court of the Supreme Court's decision to grant or deny the Petition once the Supreme Court issues any decision. The Clerk of Court is directed to terminate the pending motion at docket entry 50.

SO ORDERED.

Dated: December 9, 2022
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge