

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

 Consumer Financial
Protection Bureau

1700 G Street NW, Washington, D.C. 20552

March 31, 2023

<u>VIA ECF & EMAIL</u> (Failla_NYSDChambers@nysd.uscourts.gov)

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     *Consumer Financial Protection Bureau and the People of the State of New York*
        *v. MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*
        Case No. 22-cv-3256 (KPF)

Dear Judge Failla:

        Plaintiffs the Consumer Financial Protection Bureau (Bureau) and the State of New York move to lift the stay of this litigation. Changed circumstances support lifting the stay because the Second Circuit has now issued an opinion answering the question at the heart of this Court's stay order: whether the Bureau's statutory funding mechanism violates the Constitution. In *CFPB v. Law Offices of Crystal Moroney, P.C.*, the Second Circuit held that the method Congress used to fund the Bureau "does not offend the Appropriations Clause." *See* --- F.4th ---, 2023 WL 2604254, at *4 (2d Cir. Mar. 23, 2023). Because the Second Circuit has now issued a binding decision resolving the relevant constitutional question in the Bureau's favor—and did so notwithstanding that the Supreme Court will consider the same issue next Term—this Court should lift the stay.

        In December, the Court granted MoneyGram's request to stay proceedings while the Supreme Court considered a petition for certiorari in *Consumer Financial Protection Bureau v. Community Financial Services of America, Ltd.* (*CFSA*), No. 22-448. *See* ECF No. 52. In *CFSA*, the Bureau sought review of an outlier Fifth Circuit decision holding that the Bureau's statutory funding mechanism violates the Constitution's Appropriations Clause, *see CFSA v. CFPB*, 51 F.4th 616, 642 (5th Cir. 2022). After the Supreme Court granted a writ of certiorari in *CFSA*, this Court continued the stay pending further developments in the Supreme Court. *See* ECF No. 54. Because the Supreme Court will not hear argument in *CFSA* until next Term, the stay could last until late June of 2024—far beyond the minimal delay this Court originally contemplated, *see* ECF No. 52 at 7.[1]

---

[1] In its petition for certiorari, the Bureau asked the Supreme Court to expedite briefing and argument to allow a decision in the case this Term. *See* Pet. for Writ. of Cert., *CFPB v. CFSA*, No. 22-448, 2022 WL 16951308 (filed Nov. 14, 2022). When it granted the Bureau's petition, the Supreme Court did not act on the Bureau's request. *See*

Plaintiffs now ask this Court to lift the stay. The same factors relevant to the Court's initial stay analysis govern this request. *See Chechele v. Standard Gen. Master Fund L.P.*, No. 1:20-cv-03177-JLR, 2023 WL 1796371, at *1 (S.D.N.Y. Feb. 7, 2023). Accordingly, the Court must balance: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

The Second Circuit's decision in *Law Offices of Crystal Moroney* significantly alters that calculus. There, the court of appeals agreed with the Bureau and held that, "[b]ecause the CFPB's funding structure was authorized by Congress and bound by specific statutory provisions," that funding structure comports with the Constitution. *See* 2023 WL 2604254, at *4–7. In reaching that conclusion, the Second Circuit expressly considered and rejected the Fifth Circuit's contrary view in *CFSA*. The Second Circuit explained that it "cannot find any support for the Fifth Circuit's conclusion in Supreme Court precedent," "the Constitution's text," or "the history of the Appropriations Clause." *Id.* at *5.

The timing of the Second Circuit's decision demonstrates that this Court should not continue to delay the litigation here. The Supreme Court granted certiorari in *CFSA* on February 27, 2023, and the Bureau notified the Second Circuit of that fact shortly thereafter. *See* Notice of Supplemental Authority, *CFPB v. Law Offices of Crystal Moroney, P.C.*, No. 20-3471, ECF No. 148 (Mar. 6, 2023). Despite the Supreme Court's plans to consider the constitutional challenge to the Bureau's funding, the Second Circuit did not wait to address the issue. Less than three weeks later, the Second Circuit published its opinion rejecting a constitutional challenge to the Bureau's funding mechanism and otherwise resolving the case before it in the Bureau's favor. *See Law Offices of Crystal Moroney*, 2023 WL 2604254, at *4–7. It is thus clear that, in the Second Circuit's view, the Supreme Court's review of the Fifth Circuit's outlier decision in *CFSA* offers no reason to impede or delay litigation involving the Bureau in jurisdictions where *CFSA* has no binding force.

The substance of the Second Circuit's decision, too, suggests that lifting the stay would pose little risk to judicial economy and best promote the orderly operation of the judicial system. In *Law Offices of Crystal Moroney*, the Second Circuit squarely resolved the question at the heart of MoneyGram's constitutional defense: whether the Bureau's funding mechanism is constitutional.[2] So, to the extent this Court needs to reach that question, the Court's task would

---

*CFPB v. CFSA*, No. 22-448, 2023 WL 2227658, at *1 (U.S. Feb. 27, 2023). Under the current schedule, briefing will not be complete until mid-summer. *See* Order Granting Motion for Extension of Time, *CFPB v. CFSA*, No. 22-448 (Mar. 14, 2023) (extending respondents' deadline to July 3, 2023).

[2] In their opposition to MoneyGram's stay motion, Plaintiffs noted that any Supreme Court decision in *CFSA* would not necessarily "be dispositive" of MoneyGram's constitutional argument here. *See* ECF No. 51 at 2. That is because the Fifth Circuit in *CFSA* had no occasion to decide whether any constitutional problem with the Bureau's funding mechanism would affect the Bureau's Article III standing, as MoneyGram has argued. (It would not.) The *Law Offices of Crystal Moroney* decision, however, is dispositive of MoneyGram's standing argument (or any other argument based on the constitutionality of the Bureau's funding mechanism). Because the Second Circuit has now

be simple: apply binding law and reject MoneyGram's argument. Because the Second Circuit has already acted, reaching that question here would no longer risk, as MoneyGram once claimed, deepening any "conflict[] between courts." ECF No. 50 at 3.

Continuing to delay this case based on the possibility that the Supreme Court will later disagree with the Second Circuit would not promote the orderly course of justice. "Grants of certiorari do not change the law, and a district court remains bound by circuit precedent until the Supreme Court or the court of appeals changes that precedent." *In re Generali COVID-19 Travel Ins. Litig.*, 577 F. Supp. 3d 284, 294 n.2 (S.D.N.Y. 2021); *see also Riley v. New York City Health & Hosps. Corp.*, No. 22-CV-2736-JGK, 2023 WL 2118073, at *3 n.5 (S.D.N.Y. Feb. 17, 2023) (finding it "unnecessary" to sua sponte stay consideration of a case despite a grant of certiorari that puts at risk governing Second Circuit precedent). Allowing this litigation to move forward would best respect the binding effect of the Second Circuit's holding in *Law Offices of Crystal Moroney*.[3]

For all these reasons, Plaintiffs respectfully request that this Court lift the stay.

---

held that the Bureau's funding mechanism is constitutional, it is the law of this Circuit that there is no such constitutional defect.

[3] MoneyGram's activities since the initial stay order also belie any claim that it would be burdened by moving forward—a showing it must make to justify a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else"). Despite the Court's stay in this case, MoneyGram voluntarily filed a separate Freedom of Information Act lawsuit seeking to expedite the Bureau's response to a request for information about this litigation. *See* Compl., *MoneyGram, Int'l, Inc. v. CFPB*, No. 1:23-cv-00541 (D.D.C. Feb. 27, 2023), ECF No. 1 (FOIA Compl.). MoneyGram's decision to expend resources to seek information about this litigation while *CFSA* is pending (and this case is stayed) is inconsistent with any claim MoneyGram might make that its expenditure of resources in connection with this case would cause it hardship or inequity that would justify continuing the stay. Indeed, MoneyGram's FOIA lawsuit appears designed to seek the sort of evidence that MoneyGram might otherwise try to seek in discovery in this case. The complaint includes numerous allegations that repeat the factual assertions MoneyGram made in support of its motion to transfer (and to which MoneyGram might otherwise seek responses through interrogatories here). *Compare* FOIA Compl. ¶¶ 6, 7, 9, *with* ECF No. 31 at 6–8, 18, 19 & n 17. The FOIA litigation also seeks records that MoneyGram appears to believe will be relevant to its defense in this litigation (and which MoneyGram might otherwise seek with document requests). *See, e.g.*, FOIA Compl. ¶ 10 (stating that its FOIA request sought documents that MoneyGram thinks could "evidence improper bias against MoneyGram that motivated the CFPB's enforcement decisions").

3

Respectfully submitted,

***s/ Jason L. Meizlish (with consent)***
JASON L. MEIZLISH
*Assistant Attorney General*
*Bureau of Consumer Frauds and Protection*
*Office of the New York State Attorney General*

28 Liberty Street
New York, NY 10005
Email: Jason.Meizlish@ag.ny.gov
Telephone: 212-416-8455

Attorney for Plaintiff
State of New York

***s/ Christopher Deal***
CHRISTOPHER DEAL
ERIN MARY KELLY
REBECCA SMULLIN
SAMUEL TAXY
*Attorneys*

1700 G Street NW
Washington, DC 20552
Email: christopher.deal@cfpb.gov
Email: erin.kelly@cfpb.gov
Email: rebecca.smullin@cfpb.gov
Email: samuel.taxy@cfpb.gov

Telephone: 202-435-9582 (Deal)
Telephone: 202-435-7367 (Kelly)
Telephone: 202-435-7546 (Smullin)
Telephone: 202-435-7551 (Taxy)

Attorneys for Plaintiff
Consumer Financial Protection Bureau

Cc: Counsel of Record (via ECF)