

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL





1700 G Street NW, Washington, D.C. 20552

July 16, 2024

<u>VIA ECF & EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Consumer Financial Protection Bureau and the People of the State of New York*
      *v. MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.*
      Case No. 22-cv-3256 (KPF)

Dear Judge Failla:

        We write on behalf of Plaintiffs, the Consumer Financial Protection Bureau and the State of New York. Last week, Plaintiffs moved to compel Defendants to file compliant corporate disclosure statements under Federal Rule of Civil Procedure 7.1. ECF No. 93. About three and a half hours after Plaintiffs filed their motion, Defendants filed a supplemental disclosure. *See* Defs.' Original Supp. R. 7.1 Disclosure Statement, ECF No. 97. Plaintiffs also understand from Defendants' counsel, by email, that the list of entities in that supplemental disclosure included all indirect or direct parent corporations that were not included in Defendants' prior disclosure of June 2024, ECF No. 89.

        Because Plaintiffs thus understand Defendants to have satisfied the requirements of Rule 7.1 for their current corporate structure, in the interest of conserving the Court's resources, Plaintiffs at this point withdraw their motion to compel disclosure (ECF No. 93).

        Nothing in this notice should be construed to forfeit Plaintiffs' right to move to compel disclosure should Defendants fall out of compliance with Rule 7.1. Plaintiffs note that Defendants' recent filing begins by disclaiming Defendants' obligation to disclose each of their parent corporations, and in subsequent discussions with Plaintiffs, Defendants have refused to commit to supplementing this disclosure should the pertinent facts change in the future. Plaintiffs' position remains that Defendants must disclose all parent corporations—and update such disclosure as the federal and local rules each require. *See* Fed. R. Civ. P. 7.1(b)(2); L. Civ. R. 7.1.1; *see* Defs.' Memo. of Law 3–4 (ECF No. 94).

Respectfully submitted,

s/ Laura C. Dismore (with consent)
LAURA C. DISMORE
*Assistant Attorney General*
*Bureau of Consumer Frauds and Protection*

JANE M. AZIA
*Bureau Chief*
*Bureau of Consumer Frauds and Protection*

28 Liberty Street
New York, NY 10005
Email: Laura.Dismore@ag.ny.gov
Email: Jane.Azia@ag.ny.gov
Telephone: 212-416-6319 (Dismore)
Telephone: 212-416-8727 (Azia)

Attorneys for Plaintiff
State of New York

s/ Steven Platt
STEVEN PLATT
MARIA HEIFETZ
ERIN MARY KELLY
REBECCA SMULLIN
SAMUEL TAXY
*Enforcement Attorneys*

Email: steven.platt@cfpb.gov
Email: maria.heifetz@cfpb.gov
Email: erin.kelly@cfpb.gov
Email: rebecca.smullin@cfpb.gov
Email: samuel.taxy@cfpb.gov
Telephone: 202-417-0320 (Platt)
Telephone: 202-435-5218 (Heifetz)
Telephone: 202-435-7367 (Kelly)
Telephone: 202-435-7546 (Smullin)
Telephone: 202-435-7551 (Taxy)

1700 G Street NW
Washington, DC 20552

Attorneys for Plaintiff
Consumer Financial Protection Bureau

cc: Counsel of Record (via ECF)

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 93.

Dated:    July 17, 2024
          New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2