UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The People of the State of New York by Letitia James, Attorney General for the State of New York,<br><br>  Plaintiff,<br><br>  v.<br><br>MoneyGram International, Inc. and MoneyGram Payment Systems, Inc.,<br><br>  Defendants. | Case No. 22-cv-3256 (KPF) |

**STIPULATED FINAL JUDGMENT AND ORDER**

Plaintiff, the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG"), and the Consumer Financial Protection Bureau ("CFPB") commenced a civil action (the "Action") on April 21, 2022, against defendants MoneyGram International, Inc. and MoneyGram Payment Systems, Inc. (collectively, "MoneyGram" or "Defendants") to obtain relief, including injunctive and monetary relief and civil money penalties. (ECF No. 1). On January 24, 2025, NYAG and the CFPB filed a Second Amended and Supplemental Complaint ("Complaint"), which included ten counts (Counts I-X) and alleging violations of the Electronic Fund Transfer Act ("EFTA") § 914, 15 U.S.C. § 1693*l*; Regulation E, 12 C.F.R. part 1005, including the Remittance Transfer Rule; sections 1031(a) and 1036(a)(1) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a)(1); and New York Executive Law § 63(12) (repeated or persistent illegality). (ECF No. 107).

On April 8, 2025, this Court granted the CFPB's consent motion to withdraw as a plaintiff, (ECF No. 118), and on April 21, 2025, this Court granted the parties' joint stipulation of dismissal of Counts I – VI of the Complaint. (ECF No. 125).

NYAG and MoneyGram hereby agree to the entry of this Stipulated Final Judgment and Order ("Final Judgment and Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

## **DEFINITIONS**

1) The following definitions apply to the Final Judgment and Order:

   a. "Defendants" means MoneyGram International, Inc, MoneyGram Payment Systems, Inc., individually, collectively, or in any combination, and their successors and assigns.

   b. "Effective Date" means the date on which the Final Judgment and Order is entered on the docket.

   c. "MoneyGram International, Inc." means MoneyGram International, Inc., and its successors and assigns.

   d. "MoneyGram Payment Systems, Inc." means MoneyGram Payment Systems, Inc., and its successors and assigns.

   e. "Remittance Transfer Rule" means the final rules issued by the Bureau to create comprehensive protections under Regulation E, which implements EFTA, for consumers who send remittance transfers.

## **FINDINGS**

2) This Court has subject-matter jurisdiction over the Action because it is brought under "Federal consumer financial law," 12 U.S.C. § 5565(a)(1) and presents a federal question, 28 U.S.C. § 1331.

3) This Court has supplemental jurisdiction over Plaintiff's state-law claim because it is so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

4) Venue is proper, including because each of the Defendants does business in this district. *See, e.g.,* 12 U.S.C. § 5564(f); 28 U.S.C. § 1391(b)(1).

5) In the Complaint, Plaintiff alleges that Defendants violated the Remittance Transfer Rule, the CFPA, and New York Executive Law § 63(12) in a number of ways, including, but not limited to, the following:

    a. That Defendants failed to make remittance transfers timely available to designated recipients or to make refunds timely available to senders;

    b. That Defendants failed to provide accurate availability-date disclosures for remittance transfers, when such disclosures were required by the Remittance Transfer Rule;

    c. That Defendants have provided inaccurate disclosures to senders;

    d. That Defendants have ignored the Remittance Transfer Rule's error-resolution requirements;

    e. That Defendants have failed to develop and maintain written policies and procedures to ensure compliance with the Remittance Transfer Rule's error resolution requirements;

  f. That Defendants have failed to develop and maintain written policies and procedures that would ensure the retention of documentation related to error investigations;

  g. That Defendants have provided senders with improper disclosures claiming to relieve Defendants of liability for transmission errors ; and

  h. That Defendants have repeatedly and persistently provided disclosures imposing certain terms and conditions on money transfers when the language of Defendants' terms and conditions violate the Remittance Transfer Rule.

 6) Defendants neither admit nor deny any allegations in the Complaint, except that, for purposes of this Final Judgment and Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this Action.

 7) Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of the Final Judgment and Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this Action to the date of the Final Judgment and Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

 8) Entry of the Final Judgment and Order is in the public interest.

## **FINAL JUDGMENT AND ORDER**

 9) All parts of the Final Judgment and Order shall be binding on and apply to Defendants and, as applicable, their successors and assigns, including merged or acquired entities and wholly-owned subsidiaries who receive actual notice of the Final Judgment and Order, whether acting directly or indirectly, for a period of three (3) years from the Effective Date.

**I.    Prohibition on Unlawful Acts**

**IT IS ORDERED THAT:**

10) Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the Final Judgment and Order, whether acting directly or indirectly, in connection with the offering or provision of remittance transfers, may not violate sections 914 or 919 of EFTA, 15 U.S.C. §§ 1693; the Remittance Transfer Rule, 12 C.F.R. §§ 1005.13(b), 1005.31, 1005.33, 1005.36; sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a) and 5536(a)(1); and/or New York Executive Law § 63(12), including by engaging in any of the conduct described:

    a. Failing to properly identify when complaints to Defendants must be coded as "errors" under the Remittance Rule;

    b. Failing to promptly investigate and address reported errors, including the following:

        i. reaching a conclusion without proof;

        ii. failing to reach a conclusion within 90 days;

        iii. failing to report results of the investigation to the complainant;

    c. After determining that an error did occur, failing to refund fees;

    d. Providing senders with inaccurate disclosures or disclosures that contain contents inconsistent with EFTA, the Remittance Rule, or the CFPA, including any statements purporting to impose limitations on Defendants' liability in contravention of EFTA, the Remittance Rule, or the CFPA; and

    e. Misrepresenting the extent of Defendants' liability in any other way.

## II.   Remittance Policies, Procedures and Systems Requirements

**IT IS FURTHER ORDERED THAT:**

11) Defendants shall:

   a. Comply with the CFPA, the Remittance Transfer Rule, and New York Executive Law § 63(12) including by:

      i. Timely transferring funds and processing refunds;

      ii. Ensuring that disclosures of information (including pre-payment disclosures and post-transaction receipts) to consumers are accurate, applicable to the transaction at issue, and do not misrepresent the extent of MoneyGram's liability;

      iii. Complying with the Remittance Transfer Rule's error-resolution requirements; and

      iv. Ensuring that any terms and conditions provided to consumers are consistent with the CFPA, the Remittance Transfer Rule, and New York Executive Law § 63(12);

   b. Maintain, implement, and enforce policies and procedures that comply with the CFPA, the Remittance Transfer Rule, and New York Executive Law § 63(12), including policies and procedures to:

      i. Correctly identify "errors;"

      ii. Ensure that errors are promptly investigated, that investigations are concluded within 90 days and that the results of the investigation are reported to the sender within three business days of completing the investigation, as required by the Remittance Transfer Rule;

      iii. Ensure that complainants timely receive refunds when the error resolution process reveals that refunds are warranted;

      iv. Ensure that Defendants' agents and service providers retain documents as required by EFTA..

  c. Ensure that Defendants' systems are designed to identify consumer complaints and notices of error that are covered by the Remittance Transfer Rule;

  d. Maintain a compliance-management system that is designed to ensure that Defendants' operations comply with the Remittance Transfer Rule, including the error-resolution and cancellation provisions; and

  e. Conduct regular training and oversight of all agents and employees, who are involved in providing, identifying, processing, or reviewing remittance transfers, or addressing inquiries, complaints, notices of error, or other communications from consumers, agents, or others regarding remittance transfers, that is designed to ensure compliance with the Remittance Transfer Rule.

## III.   Civil Money Penalty

**IT IS FURTHER ORDERED THAT:**

12)    Within ten (10) business days of the Effective Date, Defendants shall pay a civil money penalty of $250,000 by wire transfer to Plaintiff in compliance with wiring instructions that will be provided by Plaintiff.

## IV.   Compliance and Reporting Requirements

**IT IS FURTHER ORDERED THAT:**

13)   For a period of three (3) years from the Effective Date, Defendants shall, upon receipt of a reasonable request and without unreasonable delay, provide NYAG with documents and information sufficient to verify compliance with the Final Judgment and Order.

## V.   Notices

**IT IS FURTHER ORDERED THAT:**

14)   Unless otherwise directed in writing by NYAG, Defendants shall provide all submissions, requests, communications, or other documents relating to the Final Judgment and Order in writing, with the subject line, "People of the State of New York v. MoneyGram, Case No. 1:22-cv-3256" and send them to Laura C. Dismore at the following email: Laura.Dismore@ag.ny.gov or, in her absence, to the person holding the title of Bureau Chief, Consumer Frauds and Protection Bureau.

15)   Unless otherwise directed in writing by MoneyGram, NYAG shall provide all submissions, requests, communications, or other documents relating to the Final Judgment and Order in writing, with the subject line, "People of the State of New York v. MoneyGram, Case No. 1:22-cv-3256" and send them to Cory J. Feinberg at the following email: cfeinberg@moneygram.com, or in his absence, to the person holding the title of General Counsel at MoneyGram.

## VI.   Release

**IT IS FURTHER ORDERED THAT:**

16)   Upon entry of the Final Judgment and Order by the Court and full payment of the Civil Money Penalty, NYAG releases Defendants from all civil claims, causes of action, and

liability that were or could have been asserted in the Action based on the conduct alleged in the Complaint, except for claims to enforce this Final Judgment and Order.

## VII.  Miscellaneous

**IT IS FURTHER ORDERED THAT:**

17) For a period of three (3) years from the Effective Date, Defendants shall provide reasonable notice to NYAG in writing of any material event that reasonably could be expected to affect compliance, including any change in ownership or executive leadership, bankruptcy filing, or proposed sale of any portion of their remittance business.

18) All terms and conditions of this Final Judgment and Order shall continue in full force and effect on any successor, assignee, or transferee of MoneyGram. MoneyGram shall cause the Final Judgment and Order to be adopted in any such transfer agreement.

19) Any modification of the Final Judgment and Order shall be in writing, signed by all Parties, and approved by the Court.

20) If any clause, provision, or section of the Final Judgment and Order is held to be invalid, illegal, or unenforceable, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of the Final Judgment and Order and the Final Judgment and Order shall be construed and enforced as if such invalid, illegal or unenforceable clause, provision, or section had not been contained herein. The Final Judgment and Order constitutes the entire agreement between the Parties with respect to the subject matter herein and may not be amended except in writing signed by all Parties, approved by the Court.

## VIII. Retention of Jurisdiction

**IT IS FURTHER ORDERED THAT:**

    21)    All pending motions are hereby denied as moot.

    22)    The Court will retain jurisdiction of this Action for the purpose of enforcing the Final Judgment and Order.

**IT IS SO ORDERED.**

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

DATED this  16  day of     June    , 2025.

_____
Hon. Katherine Polk Failla
UNITED STATES DISTRICT JUDGE